United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 20-10020-NMG |
| Ming Xun Zheng, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the emergency motion of defendant Ming Xun Zheng ("defendant" or "Zheng") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In February, 2020, Zheng pled guilty toa two-count criminal information charging him with one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of wire fraud in violation of 18 U.S.C. § 1343. In September, 2020, this Court sentenced him to 15 months in prison and three years of supervised release. Zheng is currently incarcerated at the Federal Correctional Institution, Butner Low in North Carolina ("FCI Butner Low") and his projected release date is November 17, 2021.

-1-

Zheng moves to reduce his sentence to time served and that the remainder of his sentence be served as a period of special supervised release with home confinement as a condition of that release. He contends that he suffers from several medical conditions that make him especially vulnerable to contracting a severe case of COVID-19. He also submits that the rapid spread of COVID-19 at FCI Butner Low and the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release. The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Zheng is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A).

The government concedes, and this Court agrees, that the combination of defendant's current health conditions place him at heightened risk of severe illness or death if he were to contract COVID-19. Zheng previously had leukemia that has been in remission since September, 2019 and suffers from Type II diabetes and chronic Hepatitis B. Those ailments are recognized by the Centers for Disease Control and Prevention ("CDC") as conditions that can increase one's risk of severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 18, 2021). Accordingly, Zheng meets the eligibility threshold for compassionate release.

Defendant has not shown, however, that his medical conditions substantially diminish his ability to care for himself in prison. He contends that it is "far from clear" that

prison officials have adequately managed his medical needs but his BOP records belie that assertion. Since arriving at FCI Butner Low in October, 2020, Zheng has had blood work done on at least two occasions which is consistent with the note in his medical records indicating that he requires quarterly follow-up care to monitor his in-remission leukemia. He continues to be prescribed several medications to treat his diabetes and Hepatitis B.

Perhaps most importantly, his medical records include a note from February, 2021 that Zheng is "medically stable and independent in activities of daily living." Several courts have denied compassionate release to prisoners with cancer in remission who receive adequate treatment and are able to care for themselves. See United States v. Wilson, No. 14-209-1, 2020 U.S. Dist. LEXIS 245015, at *13-14 (E.D. Pa. Dec. 31, 2020) (finding no extraordinary and compelling reason for defendant's release because his cancer was in remission and did not interfere with his functioning); United States v. Brewster, No. 3:15-CR-104, 2020 U.S. Dist. LEXIS 171021, at *6-8 (E.D. Tenn. Sept. 17, 2020) (same); United States v. Canfield, No. 1:18-cr-53-JAJ-CFB-4, 2020 U.S. Dist. LEXIS 167498, at *4-5 (S.D. Iowa Sept. 14, 2020) (same).

Defendant insists that the conditions at FCI Butner Low exacerbate the risk posed by his health conditions but there is no indication that facility currently poses an unacceptable threat to prisoner safety. There are only two confirmed active cases of COVID-19 at the facility while 891 staff members and 2,271 inmates have been fully inoculated with a vaccine. See COVID-19 Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited May 18, 2021).

Although thousands of inmates at FCI Butner Low have been vaccinated, Zheng has chosen not to accept the vaccine until he is able to confer with his oncologists at Massachusetts General Hospital. He expresses concern that a COVID-19 vaccine may not be appropriate for him due to his weakened immune system and cites guidance from the CDC acknowledging the absence of available data regarding the safety and efficacy of such vaccines for immunocompromised individuals.

It is, of course, defendant's prerogative to consult with his oncologists prior to vaccination but he is not entitled to special consideration in the meantime. Vaccine refusal has been considered a factor in denying compassionate release to defendants who seek it based on the risk of contracting COVID-19. See United States v. Greenlaw, No. 1:18-cr-00098-JAW-06, 2021 U.S. Dist. LEXIS 66670, at *16-18 (D. Me. Apr. 6, 2021)

(collecting cases).  Furthermore, CDC guidance is clear that the currently authorized COVID-19 vaccines "are not live vaccines and therefore can be safely administered to immunocompromised people" such as Zheng. <u>Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Authorized in the United States</u>, CDC, https://www.cdc.gov/vaccines/covid-19/info-by-product/clinical-considerations.html#underlying-conditions (last visited May 18, 2021).

Finally, a modification to defendant's sentence would be inconsistent with the § 3553(a) factors.  Over the course of several years, Zheng engaged in a complicated scheme attempting to defraud insurance companies out of millions of dollars. Although he faced up to 97 months imprisonment under the United States Sentencing Guidelines, he received a sentence of only 15 months of which has served barely more than one third.  The seriousness of the offense and the need for just punishment and to promote respect for the law weigh heavily against a reduction of his sentence. § 3553(a)(2).

**ORDER**

Accordingly, defendant's motion for compassionate release (Docket No. 39) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 26, 2021